**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 17-72** |
| **JUAN JARMON, et al.** | : | |

**O R D E R**

AND NOW, this ___ day of _____________, 2017, upon consideration of the government's Motion to Admit Audio and Video Recordings, the Court finds the following as to the recordings and accompanying transcripts:

1. The recording devices used were capable of accurately recording the conversations;

2. The operators of the recording devices were competent;

3. The recordings are authentic and correct;

4. There have been no changes in, additions to, or deletions from the recordings;

5. The recordings have been properly preserved;

6. The speakers on the recordings are properly identified; and

7. The transcripts of the recordings accurately represent the conversations on the recordings and accurately identify the speakers and parties to the recorded conversations.

BY THE COURT:

_______________________________

HONORABLE PAUL S. DIAMOND
*United States District Court Judge*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 17-72** |
| **JUAN JARMON, et al.** | **:** | |

**GOVERNMENT'S MOTION TO ADMIT AUDIO AND VIDEO RECORDINGS**

The United States of America, by its attorneys, Louis D. Lappen, Acting United States Attorney in and for the Eastern District of Pennsylvania, and Jerome M. Maiatico and Katayoun Copeland, Assistant United States Attorneys, hereby moves for the admission at trial audio and video recordings pursuant to Fed. R. Evid. 104 and 901 (authentication), and in support of this motion states as follows:

1. On February 8, 2017, a grand jury returned an indictment charging members of the JARMON/EDWARDS drug trafficking group with federal drug trafficking crimes. The indictment charges 13 defendants in 48 counts with conspiracy to distribute 280 grams or more of crack cocaine from in or about late 2012 through late 2014. Count One alleges that each defendant was a member of a large-scale drug trafficking group that operated 24 hours a day, 7 days a week in and around high-rise towers in a public housing facility in Philadelphia. The indictment also charges substantive drug trafficking counts, drug trafficking in a drug-free zone (public housing), unlawful use of a communication facility in furtherance of a drug felony, maintaining a drug house, and aiding and abetting. Trial in this matter is scheduled for February 5, 2018.

2. The government will offer into evidence audio and video recordings at trial, including recordings of defendants and co-conspirators lawfully intercepted pursuant to

applications made and orders issued under 18 U.S.C. § 2510, et seq., recordings of prison calls between defendants and co-conspirators, and consensually monitored recordings between cooperating witnesses and defendants and/or co-conspirators. The government will move to display transcripts of the conversations to the jury, which can be admitted either as substantive evidence, or simply as an aid to the jury to be used at the time the recordings are played in Court.

3. Defense counsel will be provided with copies of all audio and video recordings and transcripts that the government will seek to use at trial. The government reserves the right to provide additional transcripts if necessary and/or to play recordings at trial without transcripts.

4. As to the audio and video recordings and transcripts of the conversations, the government avers:

a. The recording devices used were capable of accurately recording the conversations;

b. The operators of the recording devices were competent;

c. The recordings are authentic and correct;

d. There have been no changes in, additions to, or deletions from the recordings;

e. The recordings have been properly preserved;

f. The speakers on the recordings are properly identified; and

g. The transcripts of the recordings accurately represent the conversations on the recordings and accurately identify the speakers and parties to the recorded conversations.

WHEREFORE, the government respectfully requests this Court to issue the order as attached to this motion.

Respectfully submitted,

LOUIS D. LAPPEN
*Acting United States Attorney*

s/ Jerome M. Maiatico
JEROME M. MAIATICO
KATAYOUN COPELAND
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 17-72** |
| **JUAN JARMON, et al.** | **:** | |

**MEMORANDUM OF LAW**

The government moves under Rules 104 and 901 of the Federal Rules of Evidence for a finding on the authentication of the audio and video recordings in this case. Rule 901(a) provides:

> To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

"All that is required is a foundation from which the fact finder could legitimately infer that the evidence is what its proponent claims it to be." In re: Japanese Electronic Products, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds; Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574 (1986). This is a prima facie showing only and the evidence from which this finding is made must itself be admissible (in contrast to rulings under Rule 104(a)). As the Third Circuit has noted, "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). Once a prima facie showing has been made, if authenticity is disputed, the dispute is to be resolved by the jury. United States v. Goichman, 547 F.2d 778, 784 (3d Cir. 1976); United States v. McGlory, 968 F.2d 309, 328-29 (3d Cir. 1992); United States v. Reilly, 33 F.3d 1396, 1404 (3d Cir. 1994). Authenticity is a question separate from admissibility. Once the court has determined that a party has made a prima facie showing that the evidence is authentic, it must then determine if the

evidence is admissible—e.g., is it relevant? Japanese Electronics, 723 F.2d at 285-87; In re Fine Paper Litigation, 751 F.2d 562, 586 (3d Cir. 1984).

Rule 901 provides a few examples, though not a complete list, of evidence that satisfies this authentication requirement:

> An opinion identifying a person's voice – whether heard firsthand or through mechanical or electronic transmission or recording – based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

Fed. R. Evid. 901(b)(5).

> For a telephone conversation, evidence that a call was made to the number assigned at the time to: (A) a particular person, if circumstances, including self-identification, show that the person answering was the one called....

Fed. R. Evid. 901(b)(6)(A).

In this case, all of the audio and video recordings were lawfully intercepted or recorded. The law enforcement officers or prison officials who operated the monitoring equipment and who monitored the conversations will attest that the equipment operated properly, that the recordings were properly preserved, and that the recordings are accurate reproductions of the conversations that they monitored. Law enforcement officers who participated in the investigation are familiar with the participants' voices and will attest to the accuracy of the voice identifications. That testimony alone is sufficient to meet the "slight" test for authentication. See Rule 901(b)(1) (authentication may rest on "[t]estimony that an item is what it is claimed to be"); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a recording); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984) (same); United States v. Albert, 595 F.2d 283, 290 (5th Cir.) (same), cert. denied, 444 U.S. 963 (1979). Moreover, at trial several cooperating witnesses, some of whom were parties to the conversations, will also attest to the accuracy of the voice identifications.

The government submits that the requirements of United States v. Starks, 515 F.2d 112, 121, n. 11 (3d Cir. 1975), are inconsistent with the Rules of Evidence which came into force a few months after the Starks decision. The government is prepared to meet the Starks requirements at a hearing for that purpose; however, because the Federal Rules of Evidence were adopted after Starks, and because the law of authentication under the Rules is inconsistent with Starks, the government submits that Starks is no longer the law.[1] Moreover, to the extent that Starks suggests that a particular formulation must be followed to establish authenticity of tape records, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination. This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration. See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system and showing that it produces an accurate result").

With regard to the recordings of prison calls, the government also notes that these calls were recorded as part of the prison's routine monitoring of such calls and are exempt from the definition of "intercept" for purposes of 18 U.S.C. § 2510 et seq. Section 2510(4) defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Section 2510(5) defines such an "electronic, mechanical, or other device" to mean "any device or apparatus

[1] Starks' requirement of a showing of "clear and convincing evidence" is no longer good law with respect to the preliminary finding under Rule 901 to be made by the trial court. The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104. Thus, the Starks rule actually (and inappropriately) imposes a higher burden for admission of recordings than currently applies for admission of any other type of evidence.

which can be used to intercept such communications other than (a) any telephone...equipment or facility (ii) being used by a provider of wire or electronic communication service in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties." In United States v. Lewis, 406 F.3d 11 (1st Cir. 2005), the First Circuit stated that recordings made pursuant to routine prison practice of monitoring all outgoing inmate telephone calls under a policy of which inmates were informed did not constitute "interception" within the meaning of the Federal Wiretap Act, 18 U.S.C, Section 2510(5)(a)(ii); see also United Sates v. Vasta, 649 F. Supp. 974 (S.D.N.Y. 1986); United States v. Clark, 651 F. Supp 76 (M.D. Pa. 1986).

Even if the recordings were subject to 18 U.S.C. § 2510, et seq., there was implied consent to monitoring and recording in light of the prisoner's use of the prison phone after being notified of monitoring/recording through various sources. Various courts have held that use of prison phones under such circumstances is deemed to constitute implied consent. See, e.g., United States v. Amen, 831 F.2d 373 (2d Cir. 1987); United States v. Peoples, 71 F. Supp.2d 967 (W.D. Mo. 1999); People v. Windham, 50 Cal. Rptr. 3d 768 (1st Dist. 2006).

In this case, as set forth in the accompanying motion, all of the factors outlined in Starks are met, and the government's recordings and transcripts of relevant conversations should be admitted at trial.

Respectfully submitted,

LOUIS D. LAPPEN
*Acting United States Attorney*

s/ Jerome M. Maiatico
JEROME M. MAIATICO
KATAYOUN COPELAND
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Jerome M. Maiatico
JEROME M. MAIATICO
Assistant United States Attorney